1  BROWNE GEORGE ROSS
   O'BRIEN ANNAGUEY & ELLIS LLP
2  Peter W. Ross (State Bar No. 109741)
      pross@bgrfirm.com
3  Eric C. Lauritsen (State Bar No. 301219)
      elauritsen@bgrfirm.com
4  2121 Avenue of the Stars, Suite 2800
   Los Angeles, California 90067
5  Telephone: (310) 274-7100
   Facsimile: (310) 275-5697
6
7  DENNIS A. ROACH, APC
   Dennis A. Roach (State Bar No. 54414)
8     dennis@roachlaw.net
   9200 Sunset Boulevard, Suite 525
9  Los Angeles, CA 90069
   T (310) 859-1800
10 F (310) 652-8211

11 Attorneys for Plaintiffs SHAQUILLE
12 O'NEAL and JEROME CRAWFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHAQUILLE O'NEAL, an individual, and JEROME CRAWFORD, an individual,<br><br>            Plaintiffs,<br><br>     vs.<br><br>DARON CAMPBELL, an individual; DARON CAMPBELL CAPITAL, LLC, a California limited liability company; VICEROY, LLC, a California limited liability company; and DOES 1-10;<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br> **(1) BREACH OF ORAL CONTRACT; AND**<br> **(2) BREACH OF FIDUCIARY DUTY**<br><br>**DEMAND FOR JURY TRIAL** |

1936633.1

COMPLAINT

Plaintiffs Shaquille O'Neal ("O'Neal") and Jerome Crawford ("Crawford," and together with O'Neal, "Plaintiffs"), as and for their complaint against defendants Daron Campbell ("Campbell"), Daron Campbell Capital, LLC ("Capital LLC"), Viceroy, LLC ("Viceroy"), and Does 1 through 10, allege as follows:

## PARTIES

1.  Plaintiff O'Neal is an individual domiciled in Georgia.

2.  Plaintiff Crawford is an individual domiciled in Florida.

3.  Plaintiffs are informed and believe, and thereon allege, that defendant Campbell is an individual domiciled in Los Angeles County, California.

4.  Plaintiffs are informed and believe and thereon allege that defendant Capital LLC is a California limited liability company with its principal place of business in Los Angeles county, California.

5.  Plaintiffs are informed and believe and thereon allege that defendant Viceroy is a California limited liability company with its principal place of business in Los Angeles county, California.

6.  Plaintiffs are unaware of the true names and capacities of defendants sued as Does 1 through 10 herein and therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the Doe defendants is in some way legally responsible for the damages herein alleged.  Plaintiffs will seek leave of Court to amend this complaint to state the true names and capacities of said defendants when the same have been ascertained.

7.  Plaintiff is informed and believes and thereon alleges that there exists, and at all times herein mentioned, there existed, a unity of interest between defendants Campbell and Capital LLC, such that any individuality and separateness between said defendants has ceased, and each of these defendants is the alter ego of the other defendant, and adherence to the fiction of the separate existence of the defendants would permit an abuse of the corporate privilege, sanction fraud and promote injustice.

8. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the defendants was the agent and representative of the other defendants, acting within the purpose and scope of said agency and representation, and that each of the defendants authorized and ratified the conduct of each of the other defendants herein alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1332 because, on information and belief, the parties are citizens of different states, and the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over defendants because, upon information and belief, defendant Campbell is domiciled in California and defendants Capital LLC and Viceroy are California companies.

11. Venue in this district is proper under 28 U.S.C. section 1391 because, on information and belief: defendant Campbell resides in this judicial district; defendants Capital LLC and Viceroy each have their headquarters here; and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## GENERAL ALLEGATIONS

12. Plaintiffs are informed and believe and thereon allege that, in or around December 2015, Campbell, acting through his entity Capital LLC, founded Viceroy to pursue opportunities in the field of legal cannabis. At all relevant times, Capital LLC was the manager, and Campbell was the person who carried out the responsibilities of the manager.

13. Beginning in or around December 2016 and continuing for a period of months thereafter, Campbell and Plaintiffs discussed possible investments by Plaintiffs in Viceroy. Based on these discussions, O'Neal invested $100,000 and Crawford invested $50,000 in Viceroy.

14. By late 2017, Viceroy seemingly had no licenses, no revenue, and no operations. Questions arose regarding defendants' management of Viceroy and use of the invested funds. On November 3, 2017, Plaintiffs' lawyer wrote to Campbell, requesting among other things:

- "A narrative of your current business plan with a time schedule"
- "Current tax returns"
- "Current financial statement"
- "Cash receipts and disbursements for the entity since inception"
- "Copies of all entity licenses or license applications"
- "Copies of current contracts for the entity"
- "Copies of all 2017 bank statements and cancelled checks".

Defendants never responded. They provided no information and no documentation whatsoever.

15. On July 20, 2018, Plaintiffs' lawyer threatened litigation.

16. On July 27, 2018, Campbell finally responded. In a letter of that date, Campbell made the following offer:

> "At this point, I am willing to agree to personally purchase the units [owned by Plaintiffs] over a period of time. If acceptable, I would pay Mr. Crawford and Mr. O'Neal on the first day of each quarter, a minimum of $10,000 until paid in full."

Plaintiffs verbally accepted Campbell's offer. (The resulting agreement will be referred to hereinafter as the "Agreement".)

17. On November 5, 2018, Campbell commenced performance under the Agreement by delivering to each Plaintiff a check for $10,000.

18. Campbell made no further payments under the Agreement.

19. The last installment was due and owing on January 1, 2021.

20. $130,000 remains due and owing under the Agreement, plus 10%

interest from the time each installment was due.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract - Against Defendant Campbell)

21. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth above.

22. In or around July 2018, Plaintiffs and Campbell entered into an oral contract (the "Agreement") whereby Campbell was to repurchase Plaintiffs' ownership units in Viceroy for $150,000, with minimum $10,000 installments due to each Plaintiff on the first business day of each subsequent quarter.

23. Plaintiffs did all or substantially all that was required of them under the Agreement, or Plaintiffs were excused from doing so by defendant's breach.

24. Defendant failed to abide by the terms of the Agreement. Namely, after making the first installment, defendant shirked his remaining payment obligations.

25. Plaintiffs have been harmed by defendant's breach of the Agreement in an amount to be proved at trial, no less than $130,000 plus interest.

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty – Derivatively Against All Defendants)

26. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth above.

27. Plaintiffs were members of record of nominal defendant Viceroy at the time of the transactions of which Plaintiffs complain.

28. At all relevant times, defendants were managers of Viceroy with fiduciary duties to the company to:

- exercise their powers in good faith for the benefit of the company;
- use investor dollars for legitimate company purposes without waste; and
- maintain proper and adequate books and records of account.

29.     Plaintiffs are informed and believe and thereon allege that defendants, and each of them, breached their fiduciary duties to Viceroy by, among other things:

- mismanaging the company;
- using investor dollars for wasteful purposes or the personal benefit of the managers; and
- failing to maintain proper and adequate books and records of account.

30.     As a direct and proximate result of defendants' acts, as hereinabove alleged, Viceroy has been damaged in a sum which is not presently known, but which is in excess of $1 million.

31.     Plaintiffs are informed and believe and thereon allege that defendants willfully engaged in the conduct hereinabove alleged with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Viceroy and its business.  Viceroy is therefore entitled to an award of punitive damages against defendants, and each of them, in a sum to be proven at trial.

32.     Plaintiffs have not requested that defendants bring this action in the name of the company.  Such a request would be pointless, because Plaintiffs would be asking defendants to sue themselves.  Plaintiffs have delivered a copy of this complaint to defendant Campbell for his review, prior to filing.  As noted above, Campbell is a manager of Viceroy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against defendants as follows:

1. For compensatory damages in excess of $1 million, according to proof;
2. For pre-judgment interest on all damages awarded by this Court;
3. For punitive damages;
4. For costs and attorneys' fees; and
5. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: November 22, 2021 | DENNIS A. ROACH, APC |
| 2 | | |
| 3 | | BROWNE GEORGE ROSS<br>O'BRIEN ANNAGUEY & ELLIS LLP |
| 4 | |     Peter W. Ross<br>    Eric C. Lauritsen |
| 5 | | |
| 6 | | By:   */s/ Peter W. Ross* |
| 7 | |           Peter W. Ross |
| 8 | | Attorneys for Plaintiffs Shaquille O'Neal and Jerome Crawford |

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  November 22, 2021    DENNIS A. ROACH, APC

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Peter W. Ross
   Eric C. Lauritsen


By:   */s/ Peter W. Ross*
        Peter W. Ross
Attorneys for Plaintiffs Shaquille O'Neal and Jerome Crawford