ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@rossllp.la
Eric Lauritsen (State Bar No. 301219)
  elauritsen@rossllp.la
1900 Avenue of the Stars, Suite 1225
Los Angeles, California 90067
Telephone: (424) 704-5600
Facsimile: (424) 704-5680

Attorneys for Plaintiffs SHAQUILLE O'NEAL and JEROME CRAWFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHAQUILLE O'NEAL, an individual, and JEROME CRAWFORD, an individual,<br><br>          Plaintiffs,<br><br>     vs.<br><br>DARON CAMPBELL, an individual; DARON CAMPBELL CAPITAL, LLC, a California limited liability company; VICEROY, LLC, a California limited liability company; and DOES 1-20,<br><br>          Defendants. | Case No. 2:21-cv-09158-ODW-PLA<br><br>Hon. Otis D. Wright<br><br>**DECLARATION OF SHAQUILLE O'NEAL IN SUPPORT OF PLAINTIFFS' MOTION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**<br><br>[Filed concurrently with Plaintiffs' Motion for Right to Attach Order and Writ of Attachment and Proposed Order]<br><br>Date: August 29, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5D |

DECLARATION OF SHAQUILLE O'NEAL

I, Shaquille O'Neal, declare and state as follows:

1. I am a plaintiff in this action. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. I am submitting this declaration in support of a motion for a right to attach order and writ of attachment, the purpose of which is to increase the probability that Jerome Crawford and I (together, "Plaintiffs") will be able to recover the sums to which we are rightfully entitled in this action.

3. Beginning around December 2016, through our agents, Plaintiffs began discussing with Daron Crawford the possibility that Plaintiffs would invest in Viceroy, LLC ("Viceroy") an entity that Mr. Campbell had ostensibly established to pursue business opportunities in the field of legal cannabis. These discussions culminated in Plaintiffs investing a combined $150,000 in Viceroy, with $100,000 coming from me and $50,000 coming from Mr. Crawford, on or around February 1, 2017.

4. Some time later, questions arose regarding Campbell's management of Viceroy and use of the invested funds, as the company still had no apparent licenses, revenues, or operations of any kind. After Campbell proved unable to allay Plaintiffs' fears as to these topics, in the summer of 2018, he offered to repurchase our shares for the full $150,000 purchase price via quarterly payments of $10,000 to each of myself and Mr. Crawford.

5. Mr. Crawford and I orally accepted Campbell's offer, and Campbell commenced performance shortly thereafter. Specifically, on or around November 5, 2018, Campbell delivered one cashier's check for $10,000 to my representatives and another cashier's check for $10,000 to Mr. Crawford's representatives. A true and correct copy of Mr. Crawford's check to me is appended hereto as Exhibit A.

/ / /

/ / /

/ / /

-2-
DECLARATION OF SHAQUILLE O'NEAL

1   6. Despite Campbell's assurances, however, no further payments have
2 been made to date.
3   Executed this 11th day of July, 2022, at <u>Houston, TX</u>.
4   I declare under penalty of perjury under the laws of the United States of
5 America that the foregoing is true and correct.

DocuSigned by:

*Shaquille O'Neal*
FCB48B32FC16443...
Shaquille O'Neal

-3-
DECLARATION OF SHAQUILLE O'NEAL